COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


THOMAS WILSON
                                    MEMORANDUM OPINION*
v.    Record No. 1839-99-4              PER CURIAM
                                    FEBRUARY 8, 2000
ALEXANDRIA DIVISION OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Donald M. Haddock, Judge

            (Janell M. Wolfe; Law Office of Janell M.
            Wolfe, on brief), for appellant.  Appellant
            submitting on brief.

            (Philip G. Sunderland, City Attorney; Jill R.
            Applebaum, Assistant City Attorney; Office of
            the City Attorney, on brief), for appellee.
            Appellee submitting on brief.


        Thomas Wilson appeals the decision of the circuit court

terminating his parental rights to his daughter.  Wilson contends

that the trial court erred in finding that the Alexandria Division

of Social Services (DSS) presented clear and convincing evidence

sufficient to meet the statutory requirements for termination of

his parental rights under Code § 16.1-283(B) and (C)(2).  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we affirm the decision

of the trial court.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to DSS, the party prevailing below. See Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). "Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Id. "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).

> When addressing matters concerning a child, including the termination of a parent's residual parental rights, the paramount consideration of a trial court is the child's best interests. On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."

Id.

The record demonstrates that Wilson had a history of alcohol abuse and domestic violence convictions. On the day the child was placed in foster care in March 1997, Wilson was incarcerated for an assault and battery of the mother in 1996.[1] An officer from

---

[1] The mother, Erica Wilson, suffered a mental health crisis that day and was hospitalized. The mother's parental rights were also terminated.

-

the Alexandria police domestic violence unit testified that Wilson was identified as a repeat domestic violence offender and that he had been convicted six times for violence against the mother. Five of those incidents occurred between May 1996 and May 1998. DSS presented evidence that it encouraged Wilson and the mother to participate in couples counseling prior to the child's removal. Wilson received alcohol and substance abuse counseling in prison. While DSS referred Wilson for additional substance abuse evaluation and treatment, Wilson participated sporadically and did not complete treatment.

### Code § 16.1-283(B)

The trial court ruled that DSS presented clear and convincing evidence sufficient to meet the statutory requirements of Code § 16.1-283(B). Under that section, the parental rights of a parent of a child found to be neglected or abused may be terminated if the trial court finds that the neglect suffered by the child "presented a serious and substantial threat to his life, health or development" and that, notwithstanding appropriate rehabilitative efforts made by the agencies, "[i]t is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent . . . within a reasonable period of time." Code § 16.1-283(B)(1) and (2). It is prima facie evidence of the

-

conditions set out in Code § 16.1-283(B)(2) if there is evidence that

>           b.  The parent or parents have habitually
>           abused or are addicted to intoxicating
>           liquors, narcotics or other dangerous drugs
>           to the extent that proper parental ability
>           has been seriously impaired and the parent,
>           without good cause, has not responded to or
>           followed through with recommended and
>           available treatment which could have
>           improved the capacity for adequate parental
>           functioning; or
>
>           c.  The parent or parents, without good
>           cause, have not responded to or followed
>           through with appropriate, available and
>           reasonable rehabilitative efforts on the
>           part of social, medical, mental health or
>           other rehabilitative agencies designed to
>           reduce, eliminate or prevent the neglect or
>           abuse of the child.

Code § 16.1-283(B)(2).

Evidence supports the trial court's finding.  Despite the services provided to Wilson and the mother, there was no indication that the underlying problems of substance abuse and domestic violence were substantially corrected or eliminated. DSS referred Wilson three different times for counseling, but Wilson failed to complete treatment.  He participated in several months of substance abuse counseling, but demonstrated no change in his pattern of alcohol abuse.  The evidence supported the conclusion of the trial court that Wilson failed to respond to the services offered.

-

<u>Code § 16.1-283(C)(2)</u>

The trial court also found DSS presented sufficient evidence to satisfy the requirements of Code § 16.1-283(C)(2). That section provides that a parent's rights to a child placed in foster care may be terminated if the court finds by clear and convincing evidence that it is in the child's best interests and that the parent "without good cause, [has] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement" despite the agencies' efforts to provide rehabilitative services. <u>Id.</u> It is <u>prima</u> <u>facie</u> evidence of this condition if the parent failed to make "substantial progress . . . in accordance with [his] obligations under and within the time limits or goals set forth" in an agreed foster care plan. <u>Id.</u>

Evidence also supports the trial court's finding under this section. Despite the services provided, Wilson failed to meet his obligations under the foster care plan, including, among other requirements, that he "demonstrate sustainable change in . . . substance abusing behavior," maintain stable housing, "refrain from activities that lead to incarceration," and "demonstrate improvement in the quality of [the parents'] relationship, including desisting from domestic violence." He continued to demonstrate the same patterns of substance abuse,

-

anger, and domestic violence that caused the child's initial abuse and neglect.

The evidence supports the finding of the trial court that DSS presented clear and convincing evidence satisfying the statutory requirements of Code § 16.1-283 and proving that it was in the best interests of the child to terminate Wilson's parental rights. Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>
